# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN ROE**<br>2 Park Pl.<br>Wellsboro, PA 16901<br><br>*Plaintiff,*<br><br>vs.<br><br>**CANNON OIL & GAS WELL SERVICE, INC.**<br>521 Main St<br>Towanda, PA 18848<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Darren Roe, by and through undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of, *inter alia,* the Americans with Disabilities Act ("ADA" - 42 U.S.C. 12101 et seq.), the Family and Medical Leave Act ("FMLA" - 29 USC 2601 et seq.) and the

Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant and has suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.     This Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff exhausted federal administrative remedies for his claims under the ADA by first dual-filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter. Plaintiff's PHRA claims however will virtually mirror his federal claims.

Commission ("PHRC") and receiving a right to sue letter mailed on or about September 2, 2021.

6. Plaintiff will seek leave to amend this pleading to incorporate claims under the PHRA at the end of the statutory one year waiting period required by Pennsylvania law. *See* 43 P.S. § 962(c).

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant Cannon Oil and Gas Well Service, Inc. ("Defendant") is a Wyoming corporation with a registered business address in the Commonwealth of Pennsylvania as noted in the caption.

10. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for each Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendant on or about January 26, 2017.

3

13. Plaintiff was employed as a laborer / floor hand.

14. Plaintiff was a hard worker who performed his job well.

15. In fact, Plaintiff was promoted to an operator for the last two years or so of his employment.

16. During his employment, Plaintiff was physically working at Defendant's rig location in Westfield, Pennsylvania (Tioga).

17. At all times relevant herein, Plaintiff was supervised by Daniel Kleinman ("Kleinman").

18. On or about February 4, 2021, Plaintiff injured his knee at work.

19. Plaintiff had hoped the pain would subside, but when it did not, he reported the injury to Kleinman as a work related one.

20. In response to the report to Kleinman, Plaintiff was met with hostility by him.

21. Kleinman stated to Plaintiff that there was nothing he could do because the injury was not reported at the time it occurred.

22. Kleinman also indicated to Plaintiff that if he reported the injury, it would negatively impact safety bonuses.

23. Kleinman had made similar statements in the past regarding workplace injuries.

24. Kleinman knew or should have known this was a request for qualified FMLA leave.

25. Kleinman failed to advise Plaintiff of his FMLA rights.

26. Following Kleinman's discriminatory comments and his reaction to the injury report, Plaintiff informed him that regardless of whether Defendant would acknowledge his injury, he needed to get his knee checked out.

27. The same day, Plaintiff went to the emergency room.

28. The doctor from the emergency room prescribed x-rays and later advised that Plaintiff would need to make an appointment for an MRI.

29. During this time, Plaintiff was in regular contact with the head of safety, David Mansfield ("Mansfield").

30. Plaintiff informed Mansfield that he was 1.) injured on the job and 2.) seeking medical treatment for his injury.

31. Plaintiff further informed Mansfield that he needed to see his physician before he could return to work.

32. Because Plaintiff was experiencing issues being able to see his physician, he continued to ask Mansfield to utilize his vacation until he could return to work.

33. Mansfield knew or should have known this was a request for qualified FMLA leave.

34. Mansfield also failed to advise Plaintiff of his FMLA rights.

35. Plaintiff's request was granted and he was paid for time off using vacation time through February 24, 2021.

36. On or about February 24, 2021, Plaintiff followed up with Mansfield.

37. Specifically, Plaintiff asked Mansfield to disclose how many vacation days he had remaining.

38. Mansfield did not respond to Plaintiff's questions or telephone calls.

39. Plaintiff later received a letter indicating that he had "abandoned" his job as of February 15, 2021 and that he was terminated for said abandonment.

40. This was completely pretextual and nonsensical.

41. In reality, Plaintiff was terminated because of 1.) his actual and/or perceived disability, 2.) in retaliation for requesting a reasonable accommodation in the form of a brief medical leave (ADA or FMLA qualifying) and/or 3.) because Defendant refused to engage in the interactive process and accommodate Plaintiff's actual and/or perceived disability.

42. Plaintiff was also terminated for seeking worker's compensation benefits in violation of Pennsylvania law.

## COUNT I
## Violations of Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff is believed to have been an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

45. Plaintiff requested FMLA-qualified leave for medical reasons from Defendant with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

46. Plaintiff is believed to have had at least 1,250 hours of service with Defendant in the 12 months preceding his FMLA qualified request.

47. Defendant is believed and therefore averred to be engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

48. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

49. Defendant failed to advise Plaintiff of his FMLA rights.

50. Plaintiff was terminated in close proximity to his serious health condition(s) which clearly would have entitled him to FMLA leave and/or his requests for time off which would have unquestionably been covered by the FMLA.

51. Defendant committed clear interference and retaliation violations of the FMLA for the reasons set forth above.

52. Plaintiff has suffered damages as set forth more fully herein.

### COUNT II
### Violations of the Americans with Disabilities Act "ADA"
### [1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Failure to Engage in Interactive Process
### -Against All Defendants-

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was terminated because of [1] his actual and/or perceived disabilities; [2] his record of impairment; [3] his requested accommodation(s), which constitutes unlawful retaliation.

52. Defendant also failed to engage in the interactive process and otherwise failed to accommodate him.

53. These actions as aforesaid constitute violations of the ADA.

54. Plaintiff has suffered damages as set forth more fully herein.

## COUNT III
## Common Law Wrongful Discharge

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Upon information and belief, Plaintiff was terminated in substantial part for making claims for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

57. It is against Pennsylvania's public policy for an employee to be terminated for making worker's compensation claims and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania.  *See* Shick v. Shirey, 552 Pa. 590, 716 A.2d 1231 (1997); Rothrock v. Rothrock Motor Sales, Inc., 584 Pa. 297, 883 A.2d 511, 516 (2005).

58. The temporal proximity and retaliatory animus between Plaintiff's claims for worker's compensation and his termination creates an inference that his termination was in retaliation for making such claims.

59. These actions as aforesaid constitute wrongful termination in Pennsylvania.

60. Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages as appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff demands trial by jury on all issues so triable.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

        _____
        Ari R. Karpf, Esq.
        W. Charles Sipio, Esq.
        3331 Street Rd.
        Bldg. 2, Ste. 128
        Bensalem, PA 19020

Date: September 29, 2021